**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SANDRA ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY; E.A. RENFROE & COMPANY, INC., and MALIKA JAMES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-1042-D<br><br>(Remanded to Oklahoma County District Court, Case No. CJ-2025-5525) |

**ORDER**

Before the Court is Plaintiff's Motion for Remand. [Doc. No. 17]. Defendant State Farm filed a response [Doc. No. 20], to which Plaintiff filed a reply. [Doc. No. 21]. The matter is fully briefed and at issue.

**BACKGROUND**[1]

Plaintiff owned a home in Oklahoma City, Oklahoma, which was insured under a State Farm policy. The property was damaged in 2024. Plaintiff filed this action in state court on August 4, 2025, alleging claims of breach of contract and bad faith against State Farm. In addition to her claims against State Farm, Plaintiff asserts claims against E.A. Renfroe & Company, Inc. (Renfroe) and Malika James for tortious interference with contract and civil conspiracy.

[1] As the Court construes factual issues in favor of Plaintiff for purposes of her motion to remand, the factual background is as alleged in Plaintiff's Petition. [Doc. No. 1-1].

State Farm timely removed the case to this Court on September 11, 2025; Renfroe and Ms. James did not consent to the removal. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. [Doc. No. 1]. It is uncontested that Renfroe is incorporated in Georgia with its principal place of business in Alabama, and Ms. James is a citizen of Oklahoma. But State Farm contends that neither Renfroe nor Ms. James needed to consent to removal because both parties were fraudulently joined by Plaintiff to defeat diversity jurisdiction. [2]

On October 13, 2025, Plaintiff filed the present motion to remand, arguing that State Farm has failed to satisfy 28 U.S.C. § 1446(b)(2)(A)'s unanimity requirement because Renfroe did not consent to removal. Plaintiff further argues that State Farm cannot meet its heavy burden to establish fraudulent joinder.

## STANDARD OF DECISION

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Exceptions to the unanimity rule exist for situations involving

[2] Because State Farm filed its Notice of Removal [Doc. No. 1] before Ms. James was served, Ms. James did not need to consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Therefore, the Court's analysis on the rule of unanimity focuses solely on Renfroe.

nominal, unknown, unserved[,] or fraudulently joined defendants." *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001).

After removal, a party may move to remand the case back to state court "for lack of subject matter jurisdiction [or] for defects in removal procedure" pursuant to 28 U.S.C. § 1447(c). *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (citation omitted).

One way to establish a lack of subject matter jurisdiction is by proving fraudulent joinder. *See Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the *non-diverse* party in state court." *Dutcher*, 733 F.3d at 988 (internal quotation omitted) (emphasis added). "'[The] 'fraudulent joinder' doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999)).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988. "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal quotations omitted).

## DISCUSSION

In the present motion, Plaintiff moves to remand the case to state court based on both procedural and jurisdictional grounds. As to procedural grounds, Plaintiff moves for remand based on State Farm's failure to comply with 28 U.S.C. § 1446(b)(2)(A) which requires all properly joined and served defendants to join in the removal. This is known as the rule of unanimity and "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015) (citing § 1446(b)(2)(A)). As to jurisdictional grounds, Plaintiff moves for remand, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder.

State Farm argues Renfroe did not need to consent to removal because it is a fraudulently joined party, and pursuant to 28 U.S.C. § 1446(b)(2)(A), only "defendants who have been *properly* joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). In response, Plaintiff argues that the fraudulent joinder doctrine applies only to non-diverse parties, not diverse parties like Renfroe. Therefore, the case should be remanded to state court because Renfroe was properly served at the time the Notice of Removal [Doc. No. 1] was filed, but it failed to consent to removal.

It is undisputed that Renfroe is a diverse party. State Farm argues that the fraudulent joinder standard uses the words "non-diverse party" in *Dutcher* merely because that was the specific scenario in front of the Tenth Circuit in that case, but that does not preclude application of the doctrine to a diverse party. State Farm admits that "cases are sparse where

plaintiffs fraudulently join both non-diverse and diverse defendants," but does not point the Court to a single instance of a court applying this doctrine to a diverse defendant.

The fraudulent joinder standard illustrates two ways a party may prove fraudulent joinder: "1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the *non-diverse* party in state court." [3] *Dutcher*, 733 F.3d at 988. As the removing party, State Farm "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* The Court finds that State Farm has not met its burden to establish that the Court may apply the fraudulent joinder analysis to a diverse party in this scenario. *See Griffin v. State Farm Fire & Cas. Comp. et al.*, Case No. CIV-25-916-SLP, 2026 WL 279379 (rejecting defendant's argument that fraudulent joinder can be applied to a diverse, out-of-state defendant); *see also Hernandez v. Cooper Tire & Rubber Co.*, No-12-1399-JWL, 2013 WL 141648, at *2 (D. Kan. Jan. 11, 2013) (footnote omitted) (same).

Further, State Farm argues in its response to Plaintiff's motion that Renfroe is a nominal party because it is "unnecessary to resolution of this controversy" and, therefore, need not consent to removal. [Doc. No. 20, at 7]. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793 (10th Cir. 2013) (quoting *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998)). "There

---

[3] State Farm's fraudulent joinder argument hinges on Plaintiff's inability to establish a cause of action, not actual fraud in the pleading of jurisdictional facts. Therefore, the Court need not address the first *Dutcher* prong.

is no mechanical or bright line rule for determining when a party should be viewed as merely nominal, with the focus of the inquiry being on whether the party has an actual interest in the substantive controversy." *Dennis v. Progressive N. Ins. Co.*, CIV-14-1375-HE, 2015 WL 1356922 (W.D. Okla. Mar. 24, 2015) (citation omitted).

In support, State Farm cites *Chesapeake Expl. LLC v. BP Am. Prod. Co.*, CIV-10-519-HE, 2010 WL 2891668 (W.D. Okla. 2010). The Court finds that case inapposite. There, the district court held that three arbitration consultants were nominal parties because they had "no stake in the ultimate determination of the substantive controversy" and even "asked that the court excuse them from any need to file Answers . . . appear at hearings, respond to future filings or otherwise participate in the action." *Id.* at *3 (citation omitted). That is not the case here. At the center of this action is the alleged wrongful denial of Plaintiff's insurance claim. Plaintiff asserts claims of tortious interference with contract and conspiracy against Renfroe, and pleads specific allegations of its wrongful conduct in relation to the denial of Plaintiff's insurance claim. The Court finds that Renfroe has a stake in the ultimate determination of these issues. Additionally, Renfroe has actively participated in the action. *See* Defendant Renfroe's Unopposed Motion to Extend Time for Defendant E.A. Renfroe & Company, Inc. to Respond to Complaint [Doc. No. 1-6]. The Court declines to find that Renfroe is a nominal party.

Thus, because the Court rejects State Farm's fraudulent joinder argument and declines to find that Renfroe is a nominal party, Renfroe's consent was required to properly remove the action to this Court. Accordingly, this Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand [Doc. No. 17] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs, and expenses as a result of the removal and remand. Based on the remand, the Court does not decide State Farm's Motion to Dismiss in Part [Doc. No. 8] and leaves the motion for the state court.

**IT IS SO ORDERED** this 9th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE